TIMOTHY W. MORAN *vs.* FRANK J. MACKEY and others.

## July 7, 1884.

Practice—Motion to Set Aside Verdict on Default.—Proofs presented upon application of defendants to open a default considered, and *held* to justify the conclusion that the default was unexcused.

Same—Excessive Damages.—Whether excessive damages were awarded upon an inquest and assessment of damages, will not be considered upon affidavits, but only upon a case presenting the evidence upon which the verdict was founded.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for personal injuries occasioned by the negligence of the defendants in leaving in an exposed and dangerous condition an area or opening under a sidewalk. The defendants made default, and the plaintiff's damages were assessed, under direction of the court, at $3,000. The defendants, upon affidavits, made application to open the default, and appeal from an order by *Lochren,* J., refusing to open the default and allow them to answer.

*Shaw & Cray,* for appellants.

*Mahoney & Donohue* and *Merrick & Merrick,* for respondent.

DICKINSON, J. This is an appeal from an order refusing to set aside an assessment of damages, (made upon default of these appellants to answer the complaint,) and to allow them to interpose a defence to the action by answer. The action was commenced on the 14th day of August against these appellants, joined as defendants with others having the partnership name of Fisher & Co. On the 14th day of September an answer in behalf of the appellants was served by their attorney, Read. The answer was returned because not served within the time prescribed by statute. Read then filed the answer in the of-

fice of the clerk of the court, with an affidavit alleging a previous oral agreement of the plaintiff's attorney extending the time for answering. Nothing further was done to obtain relief from the default until October 30th, when the cause was brought before the court by the plaintiff for trial, and assessment of damages. At this time, Read, appearing in behalf of the appellants, sought such relief from the court upon the ground of the alleged agreement extending the time for answering. No other excuse for the failure to answer within the statutory time was presented. The motion was denied, and an assessment of plaintiff's damages was then made. On the 17th of November the application for relief was renewed and denied, and from that order this appeal is taken. That motion was made upon affidavits showing, in addition to the alleged stipulation extending the period for answering, that, by virtue of a contract between the appellants and their co-defendants, Fisher & Co., the liability charged in the complaint against all of the defendants rested, as between the defendants themselves, only upon Fisher & Co.; that after the commencement of the action, and before the expiration of the statutory period for answering, Fisher & Co., admitting this liability, assured the appellants that they would have answers interposed in behalf of all the defendants; that the appellants relied upon this promise, and hence neglected to interpose their defence by answer until the 6th of September, when they first learned that no answer had been made for them, they being already in default. They then employed Read, who, on that day, as is alleged, sought and obtained by oral stipulation an extension of time for answering. The subsequent proceedings have been already stated. Some other facts were alleged in support of the motion, which need not be referred to, except to say that they were denied in the affidavits upon which the motion was opposed. The opposing affidavits also denied the alleged agreement of Fisher & Co. to have answers interposed in behalf of all the defendants, and denied that any extension of time to answer had been allowed. In brief, the essential facts presented to excuse the default, and relied upon to sustain the motion, were controverted, and no reason is apparent for reversing the decision upon the issue which is involved in the refusal of the motion.

It is, however, urged that while, after such decision, it may be

taken to be a fact that Fisher & Co. did not undertake to interpose a defence for the appellants, the latter at least *supposed* the fact to be as alleged by them, and that they were hence excusable for their default. But it is not so clear that they entertained this belief that we are justified in overruling the determination of the learned judge before whom the proceeding was conducted, and which presumably involved a consideration of this point. If credit is to be given to the denial that any such agreement was made, little is left to sustain a conclusion that appellants understood that Fisher & Co. were to answer for them. This position is not only opposed by the denial of the fact alleged, but it is to some extent discredited by the fact that it was not presented as a ground for relief when the first application was made to the court. The learned judge was justified, upon the proofs submitted to him, in concluding that the original default, which had occurred prior to the 6th of September, was unexcused, and we may presume that the decision of the motion rested upon that ground. It is hence unnecessary to consider whether, if that default had been excused, relief might have been granted from the consequences of the subsequent negligence of the attorney.

The appellants urge as one ground for their motion that the damages awarded by the verdict of the jury were excessive. This fact is not to be considered upon affidavits, but upon a case presenting the evidence upon which the verdict was founded. Nor, if the fact were admitted, would it entitle the defendants, notwithstanding their default, to interpose a defence to the action.

No error or abuse of discretion being shown, the order is affirmed.